IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CANDICE KUDRIASZOW-ZWERLE                                                PLAINTIFF

V.                                                                                CIVIL ACTION NO.3:09CV72-SAA

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                          DEFENDANT

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Candice Kudriaszow-Zwerle, for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case in accordance with the provisions of 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

Plaintiff applied for benefits on February 7, 2006, alleging that she became disabled December 2, 2003 due to arthritis, bone spurs, herniated discs, fractured vertebrae, injuries from two car accidents, spine, neck and hip pain, high cholesterol, liver damage and mental problems. Tr. 154. The plaintiff's claims were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on February 10, 2009. On March 2, 2009, the ALJ

1

issued an unfavorable decision, and plaintiff filed a request for review with the Appeals Council. On May 8, 2009, the Appeals Council denied plaintiff's request for review. Plaintiff timely filed this appeal that is ripe for review.

## **FACTS**

The plaintiff was born in 1955 and was fifty-three years old at the time of her hearing before the ALJ. She has a GED and has two associate degrees, one in nursing and one in architectural design and drafting. Tr. 62. Her past relevant work was as a flooring sales person, estimator, telemarketer, drafter, and showroom manager. Tr. 22, 94-95. As of the date of the hearing she was employed an average of 20 hours a week as an assistant manager of a flooring store. Tr. 65.

The ALJ determined that the plaintiff suffers from "severe" impairments, including carpal tunnel syndrome bilaterally and chronic back and neck pain (Tr. 14), but that these impairments, either singly or in combination, do not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 18. The ALJ found that the plaintiff retains the Residual Functional Capacity (RFC) to perform a full range of light work. Tr. 18. Upon further analysis under applicable rulings and regulations, the ALJ determined that the plaintiff's testimony was credible in general, but that her testimony regarding her limitations is not supported by medical evidence and that her activities of daily living are inconsistent with her complaints. Tr. 21. After evaluating all of the evidence in the record, including testimony of both the plaintiff and a vocational expert (VE) at the hearing, the ALJ held that the plaintiff is able to perform her past relevant work as a floor sales person, estimator, telemarketer, drafter and showroom manager. Tr. 22. Accordingly the ALJ determined that because the plaintiff is capable of returning to her

2

past relevant work, she is not under a disability as defined by the Social Security Act. Tr. 23.

On appeal to this court plaintiff raises numerous issues. Docket 9, p. 7-9. In accordance with the court's recent decision in *Hervey v Commissioner of Social Security*, Civil Action No. 3:09cv72-SAA, the court will only address issues firmly based in law and fact and the actual record in this case. Therefore, the court will address the following arguments:

1. Whether the ALJ fully developed the record;

2. Whether the ALJ's determination of the plaintiff's RFC was supported by substantial evidence; and

3. Whether the ALJ gave proper weight to the opinion evidence in this case.

This case is now fully briefed and the court is ready to rule.

## **STANDARD OF REVIEW**

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove her impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b) (2003).

[4] 20 C.F.R. §§ 404.1520 (2003).

3

is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

---

[5] 20 C.F.R. § 404.1520(d)(2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525 (2003).

[6] 20 C.F.R. §§ 404.1520(e)(2003).

[7] 20 C.F.R §§ 404.1520(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

## DISCUSSION

### Duty to Develop the Record

In Social Security disability cases the plaintiff and the ALJ each have duties relating to the record. It is the responsibility of the ALJ to ensure that the record is sufficient to support a finding regarding the claimant's alleged disability. *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996). However, it is not the ALJ's duty to investigate possible disabilities that are not alleged by the claimant or those that are not clearly indicated on the record. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995). In *Thompson v. Astrue*, Civil Action No. 3:08cv113-DAS, the court held that the plaintiff has the duty to demonstrate that she "was prejudiced in any way by the deficiencies she alleges" to obtain remand of a decision based on the ALJ's duty to develop the record. *Thompson v. Astrue*, Civil Action No. 3:08cv113-DAS, Docket 24, p.2, citing *Brock v. Chater*, 84 F.3d at 728.

Although an ALJ must develop the facts regarding a claim for disability benefits, *see Brock v. Chater,* 84 F.3d 726 (5th Cir.1996); *Kane v. Heckler,* 731 F.2d 1216 (5th Cir.1984), the Fifth Circuit "will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." *See Brock,* 84 F.3d at 728; *Kane,* 731 F.2d at 1220. To establish prejudice, plaintiff must demonstrate that she "could and would have adduced evidence that might have altered the result.." *Kane,* 731 F.2d at 1220. The ALJ has a duty to re-contact a treating physician if the doctor's records are inadequate, contain a conflict or ambiguity, lack necessary information or do not appear to be based on medically acceptable diagnostic techniques. *See* 20 C.F.R. §§ 404.1512(e). It is not

necessary, however, for an ALJ to re-contact a treating physician where there is no indication that the ALJ's analysis would have changed. *Hector v. Barnhart*, 337 F.Supp.2d 905, 921 (S.D.Tex. 2004); SSR 96-2p (additional evidence or clarifying reports may be necessary *when the treating source's medical opinion appears lacking or inconsistent);* Social Security Ruling 96-5p at *2, *5 (the ALJ must make a reasonable effort to re-contact a treating source who offers an ultimate-issue opinion for clarification of reasons when the adjudicator cannot ascertain the basis of the opinion from the case record).

The plaintiff also has a duty: she bears the burden of proving by competent evidence – including medical records, medical examinations, expert opinions and testimony relating to the relevant time period – that she is disabled as it is defined by the Social Security Act. 20 C.F.R. § 404.1512; *see also Johnson v. Bowen,* 864 F.2d 340, 344 (5th Cir. 1988). The Social Security regulations explain that the Commissioner "will consider only impairment(s) you say you have or about which we receive evidence." 20 C.F.R. § 416.912(a). Throughout the entire process, the ultimate burden of establishing disability remains with the claimant. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983); *see also* 68 Fed. Reg. 51153-01, p. 1, 2003 WL 22001943 (August 26, 2003) (It is the plaintiff who has the burden of furnishing medical and other evidence for the ALJ's use in making determinations.).

In this case, plaintiff admits that she has no treating physician, but claims that the ALJ erred by failing to follow up with the Kennedy-White Orthopaedic Center ("Kennedy-White") where she was seen during the three month from April through June 2007, and by failing to clarify the inconsistency created by the last filed evidence from Kennedy-White and the prior medical evidence in the record from state agency medical personnel. Although the plaintiff

contends that the Kennedy-White evidence "changed the picture entirely," the electromyography/nerve conduction studies of plaintiff's upper extremities revealed carpal tunnel syndrome bilaterally, chronic neck and back pains, myofacial, without radiculopathy, neuropathy, or myopathy, do not rise to any Listing level impairments. Tr. 350 - 51. There is no evidence that the plaintiff herself ever followed up with Kennedy-White or any other physicians for her carpal tunnel syndrome or neck and back pain. In the hearing plaintiff testified that she wore the splints for carpal tunnel syndrome prescribed by Dr. Feiertag at Kennedy-White, but that " doesn't really help a lot," and that she sits in a massage chair at night to ease her neck and back. Tr. 75. She does not exercise as prescribed, she does not see a chiropractor, and while she fears that she will develop degenerative disc disease like her mother and "would love to do something about that," she is financially unable to do so. Tr. 72. Nevertheless, other than taking over-the-counter pain relief medications, trying a "Chinese herbal doctor" and regular use of a massage chair, she does nothing in the way of treatment to help her pain and symptoms. Tr. 72 - 77.

In her decision, the ALJ relied on the opinions of Dr. James Andriole, D.O., a state agency reviewing physician and Dr. James Mendelson, Ph.D., a state agency reviewing psychologist, along with plaintiff's testimony and the other medical evidence of record to determine that the plaintiff was not under any mental impairment during the relevant time period and that she was capable of performing a full range of light work. Plaintiff argues that these physicians, particularly Dr. Andriole, did not have the benefit of the later Kennedy-White medical evidence, and thus there was an inconsistency between Dr. Andriole's opinion and this later medical evidence. Nevertheless, the plaintiff has put forth no evidence that shows that her impairments, even if more severe in April 2007 than previously reflected in the medical records

7

reviewed by Dr. Andriole in January 2007, are such that she is unable to work. In fact, plaintiff testified *not* that she would *unable* to perform her current part-time work in a full time capacity, but that she "wouldn't want to" (Tr. 86) and that she "would greatly appreciate not having to." Tr. 88. Further, the plaintiff has put forth no evidence that would change the ALJ's decision. Nothing in the record or in the plaintiff's testimony at the hearing rises to the level that would cause an ALJ to question the evidence or need to recontact physicians. The ALJ's decision was well-reasoned, took into account all medical records, including those from Kennedy-White, plaintiff's testimony, evidence from a third party regarding her abilities, and testimony from a vocational expert (VE) and found that plaintiff retained the residual functional capacity to perform her past work. The court agrees.

Substantial Evidence

Substantial evidence, says the Fifth Circuit, is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

Social Security regulations provide that at step three of the sequential evaluation process the plaintiff must prove by objective medical evidence that her impairment, either singly or in combination with other impairments, meets the stringent requirements set out in the listings.

8

*Selders v. Sullivan*, 914 F.2d at 617, 619 (5th Cir. 1990), citing *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §404.1526(a). Although a social security hearing is not an adversarial proceeding, the plaintiff claimant bears the burden of showing medical findings that he meets each element of the listing. *Id.* In this case, the plaintiff has no treating physician, and there is no treatment history or other relationship that would require an ALJ to afford more weight to that physician's opinions. *See Hernandez v. Heckler*, 704 F.2d 857, 860-61 (5th Cir. 1983) (physician who saw claimant only twice was not "treating physician" whose opinion was entitled to deference).

At step four, it is, again, the plaintiff's burden to prove that the functional limitations imposed by her medical condition preclude the performance of all of her past work. 20 C.F.R. §§ 404.1545, 404.1560(b). In this case the medical evidence, the plaintiff's testimony, and the VE's testimony all point to the same conclusion, as finalized by the ALJ's decision – that the plaintiff is capable of returning to her past relevant work as a floor sales person, an estimator, a telemarketer, a drafter and a showroom manager. Tr. 22 - 23. Under Social Security Ruling [SSR] 82-61 an individual is to be found "not disabled" when an ALJ determines that she retains the residual functional capacity to perform the actual functional demands and job duties of past relevant work.

In the absence of medical source statements from a treating source, the ALJ relied upon the opinion of Dr. Andriole. In light of the plaintiff's own testimony and other relevant medical evidence, the ALJ noted that Dr. Andriole's "assessment overestimates the claimant's actual residual functional capacity." Tr. 15, 22. Then, taking into account the record as a whole, the ALJ limited the plaintiff to a full range of light work. Tr. 18. The plaintiff has brought forth no

additional evidence to the contrary. In fact, plaintiff's own testimony does not contradict the ALJ's determination that she is capable of full-time work as a floor sales person or showroom manager, both similar to her part-time employment at the time of the hearing. Barring any evidence to the contrary, the court holds that the ALJ's decision was supported by substantial evidence and should be upheld.

### Selective reading of the medical evidence or failure to afford proper weight to opinion evidence

The ALJ's conclusion that plaintiff retains the RFC to perform a full range of light work clearly included the physicians' opinions and some of plaintiff's subjective complaints and impairments noted in her hearing testimony. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (The ALJ's finding that plaintiff was "limited to sedentary work [is] in itself a significant limitation, which reveals that the ALJ did give some credit to medical [the treating physician's] opinions."). The ALJ carefully considered plaintiff's carpal tunnel syndrome, neck and back pain and her other claimed impairments in combination and found that she did not meet the stringent requirements of any Listing. The ALJ clearly understood that plaintiff's impairments could and do cause some work-related limitations. This recognition is reflected in her decision and in her RFC determination. Her decision is well reasoned. She cited appropriately to the medical record and to plaintiff's testimony. She detailed the reasons for affording great weight to Dr. Andriole's opinion, yet clearly took into account plaintiff's testimony, the Kennedy-White evidence and other medical records and opinions in making his RFC determination. *See Qualls v. Astrue* 2009 WL 2391402, 5 (5th Cir. 2009).

SSR 96-8p provides that when determining a claimant's RFC, the ALJ "must always

consider and address medical source opinions." SSR-96-8p, p.7. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* When making a determination regarding a claimant's residual functional capacity – a matter which is exclusively within the purview of the ALJ – the regulations require that the ALJ carefully consider medical source opinions, particularly all medical assessments and medical source statements from medical sources who have actually examined the individual. *Id.* at p. 2. When more than one physician has provided medical information, the ALJ must consider all information provided by each source in order to properly assess a plaintiff's residual functional capacity. *Id.* After considering all medical evidence, the ALJ may determine that certain specific medical findings should be afforded more weight than other medical evidence. An ALJ may properly afford lesser weight to a physician's opinion where the opinions are inadequately explained, not supported by specific findings, contradicted by the opinions of other treating sources, contradicted by the reports of consulting physicians, not supported by objective clinical and laboratory findings, or merely parrot the opinion of plaintiff's attorney in a case where the attorney requested a report from the treating physician. 3 Soc. Sec. Law & Prac. § 37:88.

In this case, the court has reviewed the record in its entirety and finds that the ALJ correctly analyzed Dr. Andriole's opinion in accordance with all applicable regulations, including all relevant medical evidence, the ALJ found that Dr. Andriole overestimated plaintiff's residual functional capacity, and then determined, based on the entire record, that a more restrictive finding was necessary. The ALJ's findings of plaintiff's limitations and abilities are supported

by plaintiff's own hearing testimony.

## **CONCLUSION**

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and therefore must be affirmed. A final judgment will issue this day.

THIS, the 24th day of August, 2010.

      /s/ S. Allan Alexander
    UNITED STATES MAGISTRATE JUDGE